**NORTON ROSE FULBRIGHT US LLP**
JEFFREY MARGULIES (BAR NO. 126002)
EVA YANG (BAR NO. 306215)
ALEXANDRA PEREZ (BAR NO. 350867)
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:   (213) 892-9200
Facsimile:    (213) 892-9494
jeff.margulies@nortonrosefulbright.com
eva.yang@nortonrosefulbright.com
alexandra.perez@nortonrosefulbright.com

Attorneys for RESIDENT HOME LLC, a Delaware entity, d/b/a/ WWW.NECTARSLEEP.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RESIDENT HOME LLC, a Delaware entity, d/b/a/ WWW.NECTARSLEEP.COM,<br><br>Defendant. | Case No.  5:25-cv-00289<br><br>**DEFENDANT RESIDENT HOME LLC'S NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of Riverside, Case No. CVRI2406948]<br><br>Action Filed:     December 9, 2024<br>Action Removed: February 3, 2025 |

DOCUMENT PREPARED ON RECYCLED PAPER

**TO THE CLERK AND PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Resident Home LLC, hereby removes this action from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446 and 1453 as follows:

**I.   THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER**

1. A notice of removal is timely if filed within thirty (30) days after service of the complaint. 28 U.S.C. § 1446; *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999).

2. Plaintiff Miguel Esparza filed his complaint on December 9, 2024. Defendant was served on January 2, 2025. Therefore, this notice is being filed within 30 days after defendant was served with the complaint and is timely.

3. Plaintiff filed this action in the Superior Court of the State of California, County of Riverside. This action is thus properly removed to the United States District for the Central District of California, which embraces Riverside County within its jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

4. Defendant will provide prompt written notice to plaintiff and is filing a copy of this notice with the clerk of the Superior Court of California for the County of Riverside pursuant to 28 U.S.C. § 1446(d).

**II.   STATE COURT COMPLAINT**

5. On December 9, 2024, plaintiff filed a purported class action complaint in the Superior Court of the State of California in the County of Riverside, case entitled *Miguel Esparza v. Resident Home LLC d/b/a www.nectarsleep.com*, Case No. CVRI2406948 setting forth a single violation of California's Invasion of Privacy Act, specifically California Penal Code § 638.51 ("CIPA"). A copy of the complaint is attached hereto as **Exhibit A**. Pursuant to 28 U.S. Code § 1446(a), defendant submits with this notice a copy of all process, pleadings, and orders served upon it in this action as **Exhibit B**.

6. Plaintiff alleges that he visited defendant's website, www.nectarsleep.com. (Plaintiff's Complaint ("Complaint") ¶ 7. He claims that, defendant has "TikTok software" installed on its website, which aids and enables a third party, ByteDance—a company that owns and controls TikTok—in surveilling the defendant's interactions with website visitors, tracking their journeys across the web, monitoring their locations and lifestyle habits, and bombarding them with targeted advertisements. *Id.* at ¶¶ 4, 5, 13. In doing so, he alleges that defendant installed so-called "trap and trace" software on its website without a court order, in violation of CIPA. *Id.* at ¶ 26.

7. As such, plaintiff brings this action on behalf of all persons in California who visited defendant's website and whose personal information was shared with TikTok and other third parties without their consent. *Id.* at ¶¶ 4, 28.

8. Plaintiff seeks statutory damages, attorneys' fees, and costs. *See id.* "Prayer for Relief" at page 8.

### III. REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

9. Removal is proper because the Court has jurisdiction over plaintiff's claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").

10. Under CAFA, the district court has original jurisdiction of any civil action in which (1) the matter in controversy exceeds the sum or value of $5,000,000.00, (2) any member of a class of plaintiffs is a citizen of a state different from any defendant, (3) there are at least 100 members in all proposed plaintiff classes combined, and (4) no exception applies.

11. Unlike traditional removals, "[n]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

**A.     The Amount in Controversy Exceeds $5,000,000.00.**

12.    Defendant does not concede that plaintiff or the putative class members have alleged any valid causes of action or are entitled to any of the relief or damages sought. Nevertheless, the amount in controversy exceeds 5,000,000.00.

13.    "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. Where, as here, a complaint does not specify the amount of damages sought, the defendant's notice of removal may do so. *Id.* at 84. "[D]efendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional" amount in controversy threshold. *See id.* at 89.

14.    Plaintiff seeks statutory damages, attorneys' fees, and costs. *See* Complaint "Prayer for Relief" at page 8. Any person who has been injured by a violation of CIPA may bring an action seeking the greater of $5,000.00 or three times the amount of action damages. Cal. Pen. Code § 637.2(a).

15.    Plaintiff alleges that there are at least fifty members in the class. *Id.* at ¶ 29. There are at least 1,000 individuals in California who have visited defendant's website within the last year. Therefore, the minimum statutory damages of $5,000.00 per class member exceeds the $5,000,000.00 threshold ($5,000.00 x 1,000 putative class members = $ 5,000,000.00).

16.    Plaintiff also seeks attorneys' fees and costs, which add to the amount in controversy. *See* "Prayer for Relief" at page 8; *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 942-43 (9th Cir. 2001) (finding that attorneys' fees are properly included in the amount in controversy in a class action).

17.    Accordingly, the amount in controversy easily exceeds $5,000,000.00.

**B.     There is Minimal Diversity of Citizenship.**

18.    Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

DOCUMENT PREPARED ON RECYCLED PAPER

19. Plaintiff alleges that he is a resident of California. Complaint ¶ 11. Similarly, all class members would be citizens of California. *Id.* at ¶ 28.

20. For diversity purposes under CAFA, a limited liability company is a citizen of (1) the State where it has its principal place of business, and (2) the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10); *see Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

21. Resident Home is a Delaware limited liability company with its principal place of business in Florida. Thus, defendant is a citizen of Delaware and Florida.

22. Therefore, there is minimal diversity of citizenship because defendant is a citizen of different states than the class of plaintiffs.

**C.    The Proposed Class Exceeds 100 Members.**

23. This action also satisfies the definition of a "class action" under 28 U.S.C. § 1332(d)(1)(B), which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

24. To remove a class action under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B).

25. Plaintiff alleges that there are at least fifty members in the class. *Id.* at ¶ 29. However, defendant has determined that at least 1,000 individuals in California have visited defendant's website in the last year. Therefore, the proposed class exceeds 100 members.

**D.    No CAFA Exceptions Apply.**

26. Although plaintiff bears the burden of proof to establish the application of a CAFA exception, neither the "local controversy" (28 U.S.C. § 1332(d)(4)(A)) nor the "home state" (28 U.S.C. § 1332(d)(4)(B)) exception to CAFA jurisdiction

can apply here because defendant is not a citizen of California.

27. As such, no exceptions apply that would defeat CAFA jurisdiction

## IV. RESERVATION OF RIGHTS

28. If plaintiff moves to remand this case, or if the Court addresses remand *sua sponte* defendant respectfully requests an opportunity to submit such additional argument or evidence in support of removal as may be necessary. By filing this Notice of Removal, defendant specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

## V. CONCLUSION

For the reasons stated above, this action is within the Court's original jurisdiction and meets all requirements for removal, such that removal is proper under 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453. Accordingly, the above-entitled matter is hereby removed from the Superior Court of Riverside County to this Court.

Dated: February 3, 2025

**NORTON ROSE FULBRIGHT US LLP**
JEFFREY B. MARGULIES
EVA YANG
ALEXANDRA M. PEREZ

By: _____
JEFFREY B. MARGULIES
Attorneys for Defendant
RESIDENT HOME LLC, D/B/A/
WWW.NECTARSLEEP.COM

DOCUMENT PREPARED ON RECYCLED PAPER